IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORENE BARKSDALE, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:24-1240 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Dodge |
| NEW AMERICAN FUNDING, LLC, ) | |
| formerly known as BROKER ) | |
| SOLUTIONS, Inc., doing business as NEW ) | |
| AMERICAN FUNDING, et al., ) | |
| ) | |
| Defendants. | |

## MEMORANDUM OPINION

Plaintiff Lorene Barksdale ("Barksdale") brings this action against Defendants New American Funding, LLC ("New American") and Fein, Such, Kahn & Shepard, P.C. ("FSKS"). The case arises out of mortgage foreclosure proceedings initiated in state court by New American through FSKS, its attorneys, against property owned by Plaintiff.

Pending before the Court is Plaintiff's "Emergency Motion for Temporary Restraining Order and to Stay Foreclosure Proceedings Pending Federal Litigation Due to Lack of Jurisdiction" (ECF No. 34). For the reasons below, it will be denied.

Plaintiff initiated this case on September 3, 2024 by filing a motion to proceed in forma pauperis (IFP). After deficiencies were cured, the motion to proceed IFP was granted and an Amended Complaint was filed on October 31, 2024 (ECF No. 8). A Second Amended Complaint was filed on February 11, 2025 (ECF No. 17). The Second Amended Complaint alleges that Plaintiff owns property at 231 Wainwright Avenue, McKeesport, Pennsylvania, which is currently subject to a foreclosure action in the Court of Common Pleas of Allegheny County, Pennsylvania at No. MG-000509. Plaintiff alleges that the foreclosure action is improper for various reasons and that Defendants have violated the Fair Debt Collection Practices Act (FDCPA) as well as "state

foreclosure statutes and other related provisions."[1]

On May 6, 2025, Plaintiff filed the motion presently under consideration which has been fully briefed (ECF No. 38). In the motion, she requests that the Court "stay or enjoin all foreclosure proceedings on the Subject Property, order that no foreclosure sale, eviction, or adverse action my proceed pending the resolution of this federal case; set a hearing date to consider preliminary injunctive relief, and grant such other and further relief as the Court deems just and proper." (ECF No. 34 at 2.)[2]

Under the Anti-Injunction Act, a federal district court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Act bars any federal court action that has the effect of staying a pending state court proceeding unless the action falls within one of the Act's three limited exceptions. *Vendo Co. v. Lektro–Vend Corp.*, 433 U.S. 623, 630 (1977); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 314 F.3d 99, 103 (3d Cir. 2002). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atlantic Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970).

---

[1] On April 22, 2025, Defendants filed a motion to dismiss (ECF No. 21), which is under consideration.

[2] Although Plaintiff asks in the alternative for a temporary restraining order (TRO), a court may only issue a TRO if "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Those circumstances do not exist here. Defendant was given notice of the motion and has responded to it. Therefore, the motion is properly treated as a motion for preliminary injunction.

None of these exceptions applies. No Act of Congress authorizes an injunction here, nor is it necessary to aid in this Court's jurisdiction or to effectuate its judgments. Thus, the Court has no authority to enter the injunction Plaintiff proposes.

As another district court has summarized:

> Many courts, including district courts within the Third Circuit, have declined to enjoin state court foreclosure proceedings under the Act. *See, e.g., Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 132 (5th Cir. 1990) (holding that the possibility of inconsistent judgments is insufficient to invoke the 'aid of jurisdiction' exception, to justify enjoining concurrent state foreclosure action). *See also Mason v. Bank of Am.*, No. 13–3966, 2013 WL 5574439, at *7 (E.D. Pa. Oct. 10, 2013); *Valle v. Etemad*, No. 04–969, 2005 WL 579813, at *1 (E.D. Pa. March 11, 2005); *Smith v. Litton Loan Servicing, LP*, No. 04–2846, 2005 WL 289927, at *8 (E.D. Pa. Feb. 4, 2005); *Clark v. U.S. Bank Nat'l Ass'n*, No. 03–5452, 2004 WL 1380166, at *3 (E.D. Pa. June 18, 2004).

*Potoczny v. Aurora Loan Servs.*, LLC, 33 F. Supp. 3d 554, 561 (E.D. Pa. 2014), *aff'd*, 636 F. App'x 115 (3d Cir. 2015).

For these reasons, Plaintiff's "Emergency Motion for Temporary Restraining Order and to Stay Foreclosure Proceedings Pending Federal Litigation Due to Lack of Jurisdiction" (ECF No. 34) will be denied.

An appropriate order follows.

Dated: June 20, 2025                            BY THE COURT:

                                                /s/Patricia L. Dodge
                                                PATRICIA L. DODGE
                                                UNITED STATES MAGISTRATE JUDGE

cc:     Lorene Barksdale
        231 Wainwright Avenue
        McKeesport, PA 15132