IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORENE BARKSDALE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NEW AMERICAN FUNDING, LLC, ) <br> formerly known as BROKER ) <br> SOLUTIONS, Inc., doing business as NEW ) <br> AMERICAN FUNDING, et al., ) <br> ) <br> Defendants. ) | Case No. 2:24-1240 <br><br> Magistrate Judge Dodge |

### MEMORANDUM OPINION

Plaintiff Lorene Barksdale ("Barksdale") brings this action against Defendants New American Funding, LLC ("New American") and Fein, Such, Kahn & Shepard, P.C. ("FSKS") related to mortgage foreclosure proceedings initiated in state court by New American through FSKS, its attorneys.

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 21). For the reasons discussed below, their motion will be granted.

### I. Procedural History

Barksdale initiated this case on September 3, 2024 by filing a motion to proceed in forma pauperis (IFP).[1] After deficiencies were cured, the motion to proceed IFP was granted and an Amended Complaint was filed on October 31, 2024 (ECF No. 8). A Second Amended Complaint was filed on February 11, 2025 (ECF No. 17).

---

[1] The initial Complaint named the Plaintiff as "Indigenous Place of Peace, Acting Trustee for Capital L Living Estate Trust in Care of Lorene: Barksdale." After an order was filed that explained to Barksdale that she could not bring this case on behalf of a trust, she named herself as the Plaintiff.

The Second Amended Complaint alleges that Barksdale owns property which is currently subject to a foreclosure action in the Court of Common Pleas of Allegheny County, Pennsylvania at No. MG-24-000509. She alleges that the foreclosure action is improper for various reasons and that Defendants have violated the Fair Debt Collection Practices Act ("FDCPA") as well as "state foreclosure statutes and other related provisions." Federal question jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction is asserted over the state-law claims, 28 U.S.C. § 1367.

Count I of the Complaint alleges that Defendants failed to perfect a security interest, thereby violating the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA") and Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). In Count II, Barksdale alleges that Defendants have no personal jurisdiction over her. Count III of the Complaint asserts that Defendants have violated her due process rights. Finally, in Count IV, Barksdale claims that Defendants have violated her right to equal protection of the laws.

By way of relief, Barksdale requests: (1) a declaration that Defendants lack standing to enforce the mortgage; (2) a declaration that a note at issue is not a perfected security interest under the Uniform Commercial Code ("UCC") and Pennsylvania law; (3) an order compelling Defendants to disclose all securitization-related information; (4) a declaration that Defendants' actions violate her due process and equal protection rights under the Constitution; (5) an award of compensatory, punitive and statutory damages; and (6) such other relief as the Court deems just and proper. (Second Am. Compl. at 9.)

On April 22, 2025, Defendants moved to dismiss the Second Amended Complaint (ECF

2

No. 21), which has been fully briefed (ECF Nos. 30, 36).[2]

## II. Relevant Factual Allegations

This case arises out of mortgage foreclosure proceedings in the Court of Common Pleas of Allegheny County by New American through FSKS, its attorneys, related to property owned by Barksdale.

Barksdale asserts that she is the owner of property located at 231 Wainwright Avenue in McKeesport, Pennsylvania. She alleges that on or about July 22, 2022, she executed a promissory note in favor of Broker Solutions, Inc. dba New American Funding "allegedly secured by a mortgage" on her property ("Note"). (ECF No. 17 ¶ 10.) However, she claims that based on her due diligence, she has confirmed that there is no perfected security interest on the property. (*Id.* ¶ 11.) Further, while she allegedly filed a form with the IRS that "satisfied the account associated with the Note," resulting in the property becoming an "abandoned asset," Defendants have "wrongfully substituted themselves as IRS Paying Agents and Officers of the Court." In doing so, she alleges, they exceeded their authority and acted as debt collectors, resulting in an unconstitutional attempt to foreclose on her property. (*Id.* ¶¶ 1, 3, 9, 13.) Barksdale also alleges that Defendants failed to produce the original Note with "wet signatures," thereby raising questions about the validity and enforceability of the debt. (*Id.* ¶ 14).

---

[2] On July 1, 2025, Barksdale moved for leave to file a Third Amended Complaint (ECF No. 49), which Defendants have opposed (ECF No. 53). Because the motion to dismiss will be granted and the Second Amended Complaint will be dismissed with prejudice, this motion will be rendered moot.

As it relates to the underlying mortgage foreclosure action, Barksdale alleges, among other things, that she did not receive proper notice of this proceeding and the foreclosure action is unconstitutional and represents a violation of federal consumer protection laws.

### III. Standard of Review

Defendants rely on Rule 12(b)(6) as the basis for their motion. That said, their motion is based in part on the *Rooker-Feldman* doctrine,[3] which touches upon the Court's subject matter jurisdiction to adjudicate this case. Therefore, Federal Rule of Civil Procedure 12(b)(1) provides the relevant standard of review for this argument. *See Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547 (3d Cir. 2006) (*Rooker-Feldman* doctrine deprives federal court of jurisdiction).

A Rule 12(b)(1) motion to dismiss addresses "the very power [of the court] to hear the case." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "As the party asserting jurisdiction, [the plaintiff] bears the burden of showing that its claims are properly before the district court." *Development Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995). There are two types of Rule 12(b)(1) motions: those that attack the complaint on its face and those that attack subject matter jurisdiction as a matter of fact. When considering a facial attack, "the Court must consider the allegations of the complaint as true," and in that respect such a Rule 12(b)(1) motion is similar to a Rule 12(b)(6) motion. *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006). In addition, "A federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when

---

[3] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

the allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, ... wholly insubstantial, ... obviously frivolous, ... plainly unsubstantial, ... or no longer open to discussion.'" *DeGrazia v. F.B.I.*, 316 F. App'x 172, 173 (3d Cir. 2009) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

The rest of the motion to dismiss is governed by Rule 12(b)(6). A motion under Rule 12(b)(6) may be granted "only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "This requires a plaintiff to plead "sufficient factual matter to show that the claim is facially plausible," thus enabling "the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). While the complaint "does not need detailed factual allegations ... a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As noted by the Third Circuit in *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011), a 12(b)(6) inquiry includes identifying the elements of a claim, disregarding any allegations that are no more than conclusions and then reviewing the well-pleaded allegations of the complaint to evaluate whether the elements of the claim are sufficiently alleged. If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citation omitted).

In ruling on a Rule 12(b)(6) motion, courts generally consider only the complaint, exhibits attached thereto and matters of public record. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). In addition, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

When a plaintiff is proceeding pro se, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Even so, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). The Supreme Court has held that a complaint "is frivolous where it lacks an arguable basis either in law or in fact... [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## IV. Discussion

### A. *Rooker-Feldman* Doctrine

Defendants assert that the *Rooker–Feldman* doctrine bars all of Barksdale's claims. This doctrine holds that "federal courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010). Application of the *Rooker–Feldman* doctrine is restricted to "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

Application of the *Rooker–Feldman* doctrine requires a showing that: (1) the federal plaintiff lost in state court; (2) the plaintiff is complaining of injuries caused by the state-court judgment; (3) the judgment was rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments. *Great W. Mining*, 615 F.3d at 166 (internal quotation marks omitted) (quoting *Exxon Mobil*, 544 U.S. at 284). "The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim." *Id.* at 166.

The doctrine does not apply here because it does not appear that there is a state court judgment that Barksdale is attacking.[4] She has not "lost" in state court. Rather, the mortgage foreclosure proceeding is still pending in state court and thus the *Rooker-Feldman* doctrine cannot be a proper basis for dismissal.[5]

---

[4] Defendants have submitted no public record that confirms that a judgment has been entered. According to the publicly available state court docket sheet, the most recent activity was on July 17, 2025, when New American filed a default judgment against Barksdale in the amount of $326,849.83 plus interest and costs and asked the Prothonotary to enter judgment. MG-24-000509 (Doc. No. 10). While the docket entry is somewhat unclear, it does not appear that as of the date of this Memorandum Opinion, judgment has been entered by the Prothonotary.

[5] Defendants cite cases in which the mortgage foreclosures were completed and thus the plaintiffs were impermissibly attacking the judgments against them. *See Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. App'x 149, 151 (3d Cir. 2008) (attacking sheriff's sale and ejectment action); *Ayres-Fountain v. Eastern Sav. Bank*, 153 F. App'x 91, 92 (3d Cir. 2005) (Ayres-Fountain sought rescission of mortgage after Delaware Superior Court ordered judgment based on its default of the terms of the note and mortgage.); *In re Knapper*, 407 F.3d 573 (3d Cir. 2005) (debtor brought adversary proceeding to set aside foreclosures and sheriff's sales); *Klein v. Pike Cnty. Comm'rs*, 2011 WL 6097734, at *5 (M.D. Pa. Dec. 6, 2011) (judgment of foreclosure entered against plaintiff).

B. <u>Other Bases for Dismissal</u>

While the *Rooker-Feldman* doctrine does not apply, the Court will proceed with its independent duty to screen cases in which the plaintiff is proceeding in forma pauperis to determine whether the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary damages against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1. Anti-Injunction Act

Barksdale alleges that she is seeking injunctive relief in connection with the "wrongful" foreclosure action. (See ECF No. 17 ¶¶ 1, 25, 28.) Under the Anti-Injunction Act, a federal district court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

The Act bars any federal court action that has the effect of staying a pending state court proceeding unless the action falls within one of the Act's three limited exceptions. *Vendo Co. v. Lektro–Vend Corp.*, 433 U.S. 623, 630 (1977); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 314 F.3d 99, 103 (3d Cir. 2002). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atlantic Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970).

Although 42 U.S.C. § 1983 "is an Act of Congress that falls within the 'expressly authorized' exception of" the Anti-Injunction Act, *Mitchum v. Foster*, 407 U.S. 225, 243 (1972), as discussed below, Barksdale cannot state claims under § 1983 because they are alleged against

8

private actors. And declaratory relief is unavailable under the FDCPA. *See Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004) ("injunctive and declaratory relief are not available to litigants acting in an individual capacity under the FDCPA"), *partially overruled on other grounds by Campbell–Ewald Co. v. Gomez*, 577 U.S. 153 (2016). Thus, the first exception to the Anti-Injunction Act does not apply. And none of the other exceptions to the Anti-Injunction Act apply either. Accordingly, under the Anti-Injunction Act, this Court cannot issue an injunction staying the state foreclosure proceedings against Barksdale or a declaratory judgment that they have violated the FDCPA.

Many courts have addressed this specific scenario and held that "The Anti-Injunction Act precludes a federal court from enjoining state court eviction or foreclosure proceedings." *Papapietro v. Bank of Am.*, 2022 WL 3337725, at *4 (M.D. Pa. July 13, 2022), *report and recommendation adopted sub nom. Bank of Am., N.A. v. Papapietro*, 2022 WL 3566614 (M.D. Pa. Aug. 18, 2022). *See also Dowell v. Bayview Loan Servs., LLC*, 2017 WL 9486188, at *16 (M.D. Pa. May 4, 2017) ("under the Anti-Injunction Act, the court cannot issue an injunction staying the state foreclosure proceedings."), *report and recommendation adopted*, 2017 WL 4230924 (M.D. Pa. Sept. 25, 2017); *Hernandez v. Federal Nat. Mortg. Ass'n*, 2015 WL 3386126, at *3 (D.N.J. May 26, 2015) ("the Act prohibits a federal court from entering an injunction that would enjoin mortgage foreclosure actions."); *Clark v. U.S. Bank Nat. Ass'n*, 2004 WL 1380166, at *3 (E.D. Pa. June 18, 2004) ("The Anti-Injunction Act simply does not allow federal courts to enjoin state court proceedings, including mortgage foreclosure actions.")

Thus, Barksdale cannot seek any injunctive relief related to the pending foreclosure action in state court.

2. Failure to State a Claim

Defendants also seek to dismiss the case on the ground that Barksdale's allegations fail to state a claim on which relief could be granted. They contend that Barksdale "is retaliating against New American Funding and [FSKS] by instituting parallel litigation in the Federal District Court. The aforementioned pleadings of the Plaintiff set forth no legally viable nor recognized causes of action and ultimately degenerate into a [sic] incomprehensible series of statements." (ECF No. 30 at 5.)

Although they have not expanded on this analysis, the Court concludes that Barksdale's claims cannot proceed, as explained below.

*a. Claim for Declaratory Relief in Count I*

Barksdale seeks multiple forms of declaratory relief in Count I. Most of the relief sought relates to allegations of the failure to perfect a security interest, lack of standing, lack of due process, alleged IRS compliance, failure to disclose the securitization of the Note and "destruction of money upon repayment."[6] As a review of the Second Amended Complaint and its Exhibits (ECF No. 18) make clear, however, these claims are frivolous and often nonsensical. Barksdale expressly pleads that she owns the property, that she signed the Note that secured the mortgage on the property and the matter is now in foreclosure. She asserts a lack of due process despite failing to appear and defend in state court.[7] She complains about the lack of a production of the original Note with "wet signatures." She claims that through filing a form with the IRS, the property is an

---

[6] The docket in the state court foreclosure proceeding, of which the Court takes judicial notice, reflects that Barksdale has never appeared in this proceeding and therefore, raised none of the issues she complains about here. She does not allege in the Complaint that she was prevented from raising any of these issues in state court.

[7] An Affidavit of Service was filed in the state court proceeding. MG-24-000509 (Doc. No. 9).

"abandoned asset" and that Defendants have "destroyed funds" upon repayment. She also cites non-existent causes of action such as failure to securitize a loan.

Moreover, many of these allegations are typically linked to "sovereign citizens." As summarized by the Court of Appeals for the Third Circuit:

> Although "sovereign citizens" do not share identical beliefs, they generally believe that they are neither subject to federal law nor federal courts' jurisdiction. *See United States v. Banks*, 828 F.3d 609, 615 n.1 (7th Cir. 2016) ("Defendants claiming to be 'sovereign citizens' assert that the federal government is illegitimate and insist that they are not subject to its jurisdiction." (internal quotation marks and citation omitted)); *see also United States v. DiMartino*, 949 F.3d 67, 69 (2d Cir. 2020) (explaining that "the Sovereign Citizen movement" is "a loosely affiliated group who follow their own set of laws and, accordingly, do not recognize federal, state, or local laws, policies or regulations as legitimate" (internal quotation marks and citation omitted). Their claims. . . lack merit. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts.").

*United States v. Taylor*, 21 F.4th 94, 102 n.6 (3d Cir. 2021). *See also Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011) ("So-called sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings."); *Coppedge v. Deutsche Bank Nat'l Tr.*, 511 F. App'x 130, 133 (3d Cir. 2013) (in case filed by plaintiff who challenged a mortgage-related proceeding that was pending in state court, the Court of Appeals observed that: "Coppedge's sovereign-citizen-based averments, which frequently rely on attacks on the judiciary and invocations of alchemistic, archaic, and irrelevant formalism, are unlikely to bring him relief in *any* court of law, and he would be wise to direct his energies in a more productive direction.")

Barksdale writes her name as "Lorene: Barksdale" (or "E-Lorene: Barksdale") followed by the phrase "without recourse." These are designations used by sovereign citizens. *See Jung v.*

11

*Bank of Am., N.A.*, 2016 WL 5929273, at *1 n.1 (M.D. Pa. Aug. 2, 2016). (use of a hyphen and/or colon to signify a plaintiff's "real" name); *Harper v. California Dep't of Corr. & Rehabs.*, 2022 WL 1094806, at *1 (E.D. Cal. Mar. 29, 2022) (recognizing the phrase "without recourse" as a sovereign citizen notation).

In the exhibits to the Second Amended Complaint, Barksdale calls herself the "Executrix of the Capital L Living Estate Trust." (ECF No. 18.)[8] Thus, if the true party in interest here were a trust, then Barksdale, who is not an attorney, could not represent that entity in this Court. *See Marin v. Leslie*, 337 F. App'x 217, 220 (3d Cir. 2009). To the extent that Barksdale is asserting that Defendants cannot proceed against her in the mortgage foreclosure action on the ground that she is merely the trustee of a trust she established in her own name and to which she transferred ownership of the property, such a claim is patently frivolous.

Similarly, Exhibit A to the Second Amended Complaint (ECF No. 18) includes multiple allegations that reflect sovereign citizen doctrine, including, by way of example only, alleging that the "State of Pennsylvania and associated municipal entities are legal fictions"; use of an autograph "instead of a signature to declare living standing in the Common Law Jurisdiction. This includes a thumbprint in red ink to denote lifeblood, ensuring living standing"; and a "Declaration of Living Jurisdiction" that states:

---

[8] Barksdale's original IFP motion was denied because the sole named Plaintiff was "Indigenous Place of Peace, Acting Trustee for Capital L Living Estate Trust in Care of Lorene: Barksdale." (ECF No. 1-1.) As Barksdale was not named as a plaintiff, the Court denied her motion to proceed IFP and was advised that she is not an attorney, she cannot represent Indigenous Place of Peace, Acting Trustee for Capital L Living Estate Trust in Care of Lorene: Barksdale. (ECF No. 2.) She later amended the complaint to name as the plaintiff "Lorene:Barksdale." (ECF Nos. 8, 17.)

> To avoid the presumption of joinder to a dead artificial legal person EASTER LORENE BARKSDALE, it is necessary to declare the living standing as the Register Owner. By E-Lorene: of the family Barksdale. Authorized Agent for MS EASTER LORENE BARKSDALE…

(ECF No. 18 Ex. A at 3, 5, 6.)

As noted, she has demanded that Defendants produce the original "wet ink copy" of documents, including the Note, indicating that unless they do so, they cannot proceed against her.[9] "Courts routinely dismiss this type of 'show-me-the-note' action as frivolous." *Wagner v. U.S. Bancorp*, 2024 WL 4421174, at *2 (D. Minn. Oct. 4, 2024) (citations omitted). She also argues that they lack standing to enforce the Note, which also implicates the frivolous "show-me-the-note" theory. *See Brown v. Exeter Finance LLC*, 2021 WL 4342336, at *3 (N.D. Tex. Aug. 27, 2021), *report and recommendation adopted*, 2021 WL 4319666 (N.D. Tex. Sept. 23, 2021). These are frivolous attempts to avoid obligations such as paying mortgages or responding to foreclosure actions.

The Supreme Court "has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit'; 'wholly insubstantial'; 'obviously frivolous'; 'plainly unsubstantial'; or 'no longer open to discussion.'" *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citations omitted). *See also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307-08 (1989) (noting that a federal statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory

---

[9] In furtherance of this theory, she filed a "Motion to Compel Discovery of the Original Promissory Note" (ECF No. 41) and a "Motion to Suppress Evidence of Copies and Demand for Original Documentation" (ECF No. 42), both of which have been dismissed.

provision.")

In summary, Barksdale's allegations, to the extent they can be understood, are frivolous, and make various claims that are common to sovereign citizens that courts have consistently dismissed as "frivolous and a waste of the court resources"... "sovereign citizen theories have been found to be 'utterly frivolous' and 'patently ludicrous,' using 'tactics' that are a waste of their time as well as the court's time, which is being paid for by hard-earned tax dollars." *Roach v. Arrisi*, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7, 2016) (citation omitted).

For these reasons, Count I should be dismissed because it is frivolous.

### b. FDCPA Claim

The Second Amended Complaint asserts that Defendants violated the FDCPA. The Court takes judicial notice of the Complaint filed in the Court of Common Pleas of Allegheny County and notes that Defendants expressly acknowledge that they were debt collectors attempting to collect a debt. At the same time, however, the Second Amended Complaint fails to plead any facts that support a FDCPA claim. Barksdale acknowledges ownership of the subject property, alleges that Defendant New American is involved in managing the loan on the property and asserts that Defendant FSKS initiated mortgage foreclosure proceedings. Her claim appears to be based on a frivolous and nonsensical allegation that Defendants "substituted themselves as IRS Paying Agents and Officers of the Court" and then acted as a debt collector for an "abandoned asset" in a manner that exceeded their authority.[10] Simply put, these allegations make no sense, and there are no allegations in the Second Amended Complaint that support a claim under the FDCPA. Indeed, the

---

[10] Barksdale claims that she filed a form 1099-A with the IRS that "satisfied the account associated with the Note."

only Count that references debt collection practices is Count II, which simply seeks a declaration that Defendants are "unauthorized debt collectors." There are no plausible factual allegations that Defendants violated Barksdale's rights under the FDCPA. As a result, Barksdale has failed to state a claim in Count II.[11] *See Jung v. Bank of Am., N.A.*, 2016 WL 5929273, at *9 (M.D. Pa. Aug. 2, 2016) (dismissing FDCPA claim which failed to specify the content or nature of the alleged abusive debt collection practices).

Barksdale also alleges that Defendants have no right to institute foreclosure proceedings against her because the mortgage was impermissibly assigned and/or securitized. But:

> A mortgagor cannot challenge the assignment of a mortgage without showing that he or she was a third-party beneficiary to the assignment. *See, e .g., Oliver v. Bank of America, N.A.*, 13–cv–4888, 2014 WL 1429605, *3 (D.N.J. Apr.14, 2014) (citations omitted). Moreover, the securitization of a loan does not provide a plaintiff with a cause of action. *See, e.g., Upperman v. Deutsche Bank Nat'l Trust Co.*, 1:10–CV–149, 2010 WL 1610414, *3 (E.D. Va. Apr.16, 2010).

*Hernandez*, 2015 WL 3386126, at *3.

As a result, Count II, and any other FDCPA claims should be dismissed.

### c. Lack of State Action

Barksdale invokes Section 1983, which "imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* To establish a claim under § 1983, the plaintiff must establish a deprivation of a federally

---

[11] Count II seeks a declaration that Defendants lacked personal jurisdiction over her because they were acting as unauthorized debt collectors.

protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005). The requirement that a defendant act under color of state law is essential to establish a claim under § 1983. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

New American is a financing company and FSKS is a law firm. They are not "state actors" who can be held liable under § 1983. "[C]ourts that have held that a bank's use of a state foreclosure process will not ordinarily constitute a § 1983 violation." *Swope v. Northumberland Nat'l Bank*, 625 F. App'x 83, 86 (3d Cir. 2015). "To reach '[a]ny other conclusion would transform every foreclosure action between private parties into state action of constitutional dimensions.'" *Id.* at 87 (quoting *Earnest v. Lowentritt*, 690 F.2d 1198, 1202 (5th Cir. 1982)). *See also Brookhart v. Rohr*, 385 F. App'x 67, 68 (3d Cir. 2010) (dismissing appeal from order that dismissed allegations of unconstitutional conduct by private parties in state court foreclosure proceedings because the parties were not state actors); *James v. Heritage Valley Fed. Credit Union*, 197 F. App'x 102, 106 (3d Cir. 2006) (defendant credit union not a state actor for purposes of § 1983); *Awala v. Wachovia Corp.*, 156 F. App'x 527, 528 (3d Cir. 2005) (bank held not to be a state actor merely because it operates within a regulated industry).

Moreover, "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999).

Barksdale cannot invoke § 1983 to sue these private actors. Therefore, Counts III and IV, which allege due process and equal protection constitutional claims under the Fourteenth Amendment, must be dismissed.

Therefore, for all of these reasons, Barksdale's Second Amended Complaint should be dismissed.

C. <u>Amendment</u>

Dismissal of a pro se litigant's complaint should be without prejudice and with leave to amend, "unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Barksdale has already amended her Complaint twice and allowing further amendment would be futile for the reasons discussed here. The Anti-Injunction Act bars most of Barksdale's claims and she cannot invoke § 1983 to assert constitutional claims against private actors. No amendments could overcome these issues. In addition, her entire Complaint is based on allegations that are patently frivolous and which amendment cannot cure. Therefore, dismissal should be with prejudice and without leave to amend.

For these reasons, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 21) will be granted.

An appropriate order follows.

Dated: August 13, 2025                        BY THE COURT:

                                              s/Patricia L. Dodge
                                              PATRICIA L. DODGE
                                              UNITED STATES MAGISTRATE JUDGE

cc:    Lorene Barksdale
       231 Wainwright Avenue
       McKeesport, PA 15132